```
        UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF WEST VIRGINIA

                  PARKERSBURG
```

**DANIEL WAYNE CADE,**

    **Movant,**

v.                             **Case No. 6:01-cr-00200-01**
                                  **(Case No. 6:03-cv-00655)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Pending before the court is Movant's Motion for Relief of Judgment pursuant to Federal Rule of Civil Procedure 60(b) (docket sheet document # 60), filed on May 2, 2005. Movant contends that his motion filed pursuant to 28 U.S.C. § 2255 should be re-opened so that he may have the benefit of the recent Supreme Court decisions of <u>Blakely v. Washington</u>, 542 U.S. ___ (2004), and <u>United States v. Booker</u>, 543 U.S. ___ (2005). (Motion, at 8.) "[T]he Petitioner simply seeks to reimstate his § 2255 and be allowed to amend accordingly to reflect the substantial changes that have occurred." <u>Id.</u>

Movant, Daniel Wayne Cade, (hereinafter referred to as "Defendant"), is serving a 135 month period of imprisonment, to be followed by a three year term of supervised release, upon his guilty plea to distribution of methamphetamine and to possession of a firearm by a felon. The District Court also imposed a special

assessment of $200.00.  (Judgment in a Criminal Case, entered January 15, 2002, # 20.)  Defendant's direct appeal of his conviction and sentence was unsuccessful.  United States v. Cade, No. 02-4083, 2002 WL 1808727 (4th Cir., Aug. 8, 2002)(# 35).

On July 14, 2003, Defendant filed a motion pursuant to 28 U.S.C. § 2255, alleging, among other claims, that he was denied effective assistance of counsel (# 39).  On October 29, 2003, the undersigned filed proposed findings and recommendation that the motion be denied (# 47).  The findings and recommendation were adopted by the presiding district judge and the motion was denied on December 10, 2003 (## 49 and 50).

Defendant has previously and unsuccessfully sought authorization by the U.S. Court of Appeals for the Fourth Circuit to file a successive application for relief (# 51).

Defendant's instant Motion is a direct attack on his conviction; thus it is clearly an attempt to file a successive postconviction motion without obtaining authorization from the U.S. Court of Appeals for the Fourth Circuit, as required by 28 U.S.C. § 2244(b)(3).  This court lacks jurisdiction to consider a successive postconviction motion in the absence of the pre-filing authorization.  United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).  A simple allegation that there was a defect in the collateral review process is not sufficient to avoid the Winestock holding; the district courts must examine the Rule 60(b) motion to

determine whether it is tantamount to a successive application. Id., at 207.

Defendant also requests that his pending motion be held in abeyance pending the Supreme Court's decision in Gonzalez v. Crosby. Defendant suggests that the Blakely and Booker decisions constitute extraordinary circumstances warranting relief.

The Court decided Gonzalez on June 23, 2005. The Court approved rulings by various circuit courts of appeals that a Rule 60(b) motion filed by a prisoner which is in substance a successive habeas petition should be treated accordingly. 2005 WL 1469516 *4. The Court further held, inter alia, that

> a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Id. However, six Circuit Courts of Appeals have now ruled that Blakely and Booker are not retroactive.

In McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005), the Court held:

> Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
> *Ring* held, in reliance on *Apprendi*, that a defendant

3

is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.

The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

* * * The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. ___ U.S. at ___, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that

4

> comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.
>
> We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

In Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005), the Second Circuit held that "neither Booker nor Blakely appl[ies] retroactively to [a] collateral challenge." In Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review." In Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005), the Sixth Circuit ruled that:

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague*'s second exception. *Beard [v. Banks]*, 124 S. Ct. [2504], 2513-14 [(2004)]. We hold that *Booker*'s rule does not either.

In United States v. Price, 400 F.3d 844, 848 (10th Cir. 2005), the Tenth Circuit held that Blakely was a new rule of criminal

5

procedure that was not subject to retroactive application on collateral review. In Lloyd v. United States, 407 F.3d 608, 615-16 (3d Cir. 2005), the Third Circuit held that "Booker announced a rule that is 'new' and 'procedural,' but not 'watershed;'" thus it does not apply retroactively to § 2255 motions filed in cases which were final as of January 12, 2005.

The undersigned proposes that the presiding district judge **FIND** that Defendant's Rule 60(b) motion is tantamount to a successive application for collateral review, and that this court lacks jurisdiction to consider it. It is respectfully **RECOMMENDED** that the Rule 60(b) motion be dismissed for lack of jurisdiction or transferred to the U.S. Court of Appeals for the Fourth Circuit so that court may perform its gatekeeping function under § 2244(b)(3.)

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Daniel Wayne Cade, and to counsel of record.

<pre>
   June 28, 2005                    /s/ Mary E. Stanley
        Date                        Mary E. Stanley
                                    United States Magistrate Judge
</pre>