IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

DANIEL WAYNE CADE,

        Petitioner/Movant,

v.                                 CIVIL ACTION NO. 6:03-0655
                                     (Criminal No. 6:01-00200-01)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the petitioner's Motion for Relief of Judgment [Docket 60] pursuant to Federal Rule of Civil Procedure 60(b). This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact [Docket 63] and recommended that the court treat the petitioner's motion for reconsideration as a successive application for postconviction relief and deny the motion. The petitioner has filed objections to the Magistrate Judge's findings [Docket 64]. After carefully considering the petitioner's objections, the court **ADOPTS** the Magistrate Judge's findings and **DENIES** the petitioner's motion for the reasons explained herein.

The petitioner, Daniel Wayne Cade, is serving a 135-month prison term after pleading guilty to distributing methamphetamine and possessing a firearm as a felon. On July 14, 2003, the petitioner filed a motion to vacate, set aside, or correct sentence [Docket 39] pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. The court denied the motion on December 10,

2003 [Docket 49]. Following this motion, the petitioner unsuccessfully sought relief from the Fourth Circuit to file a successive application for postconviction relief [Docket 51]. Although the petitioner's current motion is labeled a Motion for Relief from Judgment pursuant to Rule 60(b), the court agrees with the Magistrate Judge's finding that it is a disguised attempt to file a successive application directly attacking the conviction. (Prop. Findings 2.)

According to the Fourth Circuit, review of successive applications for postconviction relief is available in limited circumstances. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). "In order for these limitations to be effective, courts must not allow prisoners to circumvent them by attaching labels other than 'successive application' to their pleadings." *Id*. In the absence of a prefiling certification from the Fourth Circuit, this court lacks subject matter jurisdiction to consider a successive application for postconviction relief. *Id*. at 205. Cade's motion is a disguised successive application and the Fourth Circuit refused to authorize him to file a such an application. Accordingly, this court lacks subject matter jurisdiction to consider his motion.

The court **DISMISSES** the motion for lack of subject matter jurisdiction and **ORDERS** that the case be stricken from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

        ENTER:    October 4, 2004

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

-2-