UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG

DANIEL WAYNE CADE,

      Movant,

v.                                          Case No. 6:01-cr-00200-01
                                            (Case No. 6:03-cv-00655)

UNITED STATES OF AMERICA,

      Respondent.

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Pending before the court is Movant's Motion to Reopen Under Rule 60(b) (docket # 67), filed on April 21, 2008.  Movant contends that his criminal case should be re-opened.

Movant, Daniel Wayne Cade, (hereinafter referred to as "Defendant"), is serving a 135 month period of imprisonment, to be followed by a three year term of supervised release, upon his guilty plea to distribution of methamphetamine and to possession of a firearm by a felon.  The District Court also imposed a special assessment of $200.00.  (Judgment in a Criminal Case, entered January 15, 2002, # 20.)  Defendant's direct appeal of his conviction and sentence was unsuccessful.  United States v. Cade, No. 02-4083, 2002 WL 1808727 (4th Cir., Aug. 8, 2002)(# 35).

On July 14, 2003, Defendant filed a motion pursuant to 28 U.S.C. § 2255, alleging, among other claims, that he was denied effective assistance of counsel (# 39).  On October 29, 2003, the

undersigned filed proposed findings and recommendation that the motion be denied (# 47).  The findings and recommendation were adopted by the presiding district judge and the motion was denied on December 10, 2003 (## 49 and 50).

Defendant has previously and unsuccessfully sought authorization by the U.S. Court of Appeals for the Fourth Circuit to file a successive application for relief (# 51).

Defendant previously filed a Rule 60(b) Motion on May 2, 2005 (# 60).  The undersigned filed proposed findings and recommendation (# 63) that the motion be denied as an attempt to file a successive postconviction motion without obtaining authorization from the U.S. Court of Appeals for the Fourth Circuit, as required by 28 U.S.C. § 2244(b)(3).  The findings and recommendation were adopted by the presiding district judge and the motion was denied on October 4, 2005 (## 64 and 65).

Defendant asserts the following grounds for relief [*verbatim*]:

1.   Suppression of Evidence in violation of the 4th Amendment
2.   Ineffective assistance of counsel in violation of 6th Amendment
3.   Due Process violation of the 14th Amendment
4.   Inadmissibility of evidence, per [State v. Mullens,] 650 S.E.2d 169, 221 [W. Va. 2007] under states constitution of its own statue.

* * *

Defendant Cade has since filed several appeals, and there has never been any argument about his rights.  If defendant Cade can prevail on his argument of the warrentless search of his home, then this case would not exist.  To sanction such proceeding would be to affirm by

> judical decision a manifest neglect, if not an open
> difiance of prohibitions, of the constitution intended
> for the protection of the people against such
> unauthorized action.
>
> These are all arguments defendant Cade had, and was
> denied the due process of a hearing governed by the 14th
> Amendment. Their appears to be several violations of law
> including the 4th, 5th, 6th and 14th Amendments,
> defendant is therefore requesting the court to reopen
> this case and appoint new counsel.

(Motion, # 67, at 1-2.)

Defendant's instant Motion is a direct attack on his conviction; thus it is clearly an attempt to file a successive postconviction motion without obtaining authorization from the U.S. Court of Appeals for the Fourth Circuit, as required by 28 U.S.C. § 2244(b)(3). This court lacks jurisdiction to consider a successive postconviction motion in the absence of the pre-filing authorization. <u>United States v. Winestock</u>, 340 F.3d 200, 205 (4th Cir. 2003).

The Supreme Court held, in <u>Gonzalez v. Crosby</u>, 545 U.S. 524 (2005), that a Rule 60(b) motion filed by a prisoner which is in substance a successive habeas petition should be treated accordingly.

The undersigned proposes that the presiding district judge **FIND** that Defendant's Rule 60(b) motion is tantamount to a successive application for collateral review, and that this court lacks jurisdiction to consider it. It is respectfully **RECOMMENDED** that the Rule 60(b) motion be dismissed for lack of jurisdiction or

transferred to the U.S. Court of Appeals for the Fourth Circuit so that court may perform its gatekeeping function under § 2244(b)(3.)

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have ten days (filing of objections), and then three days (mailing or service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Goodwin, and this Magistrate Judge.

4

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Daniel Wayne Cade, and to counsel of record.

May 9, 2008
Date

*Mary E. Stanley*

Mary E. Stanley
United States Magistrate Judge